```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
                                      PLAINTIFF DEMANDS TRIAL BY
SARATOGA FILMS, INC.,                 JURY

                  Plaintiff,          C O M P L A I N T

     -against-                        Docket No. 08 CIV. 8407 (JSR)
                                                ECF case

NAVARRE CORP., NETFLIX, INC.,
AMAZON.COM, INC.,
BARNES & NOBLE, INC.,
TOWER.COM, INC.,
PROGRAM POWER ENTERTAINMENT, INC.
and JAMES T. FLOCKER,

                  Defendants.
-------------------------------x
```

**PLAINTIFF**, through its attorney Gregory A. Sioris, Esq., complains of the defendants and alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought primarily for copyright infringement and unfair competition, pursuant to the Copyright Laws of the United States, Title 17 U.S.C. sections 101, *et. seq.* (the Copyright Act) and 15 U.S.C. section 1125(a)(the Lanham Act). This Court has jurisdiction over this action based on 28 U.S.C. sections 1331, 1338(a) and 1338(b), and the common law of unfair competition and the Human Rights Law of the State of New York.

2. Venue is properly placed in the Southern District of New York under 28 U.S.C. sections 1391 and 1400(a), since plaintiff is a New York corporation headquartered and doing business in New York, NY, with the defendants either transacting or doing business in

1

New York County.

**THE PARTIES TO THE ACTION**

3. Plaintiff Saratoga Films, Inc., is the producer and copyright proprietor of the motion picture photoplay *Bloodsucking Pharaohs In Pittsburgh* (hereinafter the picture or picture) as registered in the Copyright Office of the Library of Congress on the 16th day of October, 1990, under Registration Number PA 483 090.  The picture was previously registered under its working title *Picking Up the Pieces*, and the copyright registration certificate was amended to reflect the picture's actual title *Bloodsucking Pharaohs In Pittsburgh* the amendment registered with the Copyright Office on the 11th day of December, 2007, Volume number 3561, Document No. 181.  The copyright in and to the picture is in full force and effect on the date of this complaint and has been since the date of its registration in 1990.  A prominent notice of copyright appears on the picture with plaintiff's assignor Saratoga Films Corp. referred to as its copyright owner.

4. Defendant Navarre Corp. (Navarre) is a Minnesota corporation and distributor of motion pictures which sells pictures throughout the United States and beyond and which also promotes and distributes pictures through its Internet web site, www.navarre.com.  Navarre has knowledge of the plaintiff's copyright ownership in and to the picture and transacts business within the State and County of New York.

5. Upon information and belief Navarre was provided access to the picture and/or to its elements by defendants Program Power Entertainment, Inc., and James T. Flocker. Plaintiff Saratoga Films, Inc. had previously sued Program Power Entertainment, Inc. and James T. Flocker for copyright infringement of the picture in the United States District Court for the Central District of California, Docket No. 03-2845 ER (AJWx). The California suit was settled by stipulation entered June 10, 2004 wherein Program Power Entertainment, Inc. and James T. Flocker agreed not to further distribute the picture and to return the picture's master copy or copies to the plaintiff, which these defendants never did, in willful breach of the stipulation's terms. The picture's DVD packaging bears a prominent legend "Distributed by Navarre Corporation and Program Power Entertainment, Inc." although these defendants have no right, privilege or license to distribute the picture or to provide themselves attributions connecting them to the picture.

6. Defendant Flocker is in the business of distributing motion pictures through his corporation known as Program Power Entertainment, Inc. which is believed to be a California corporation in suspense. Flocker and Program Power purportedly control an Internet web site www.programpower.com. Flocker and Program Power is, and/or are aware, or should be aware of the plaintiff's rights in and to the picture, since they were parties

in the previously referenced copyright infringement suit that was filed against them by the plaintiff in the federal court in Los Angles, as referenced in paragraph 5, *supra*.

7. Defendant Netflix, Inc. is a corporation incorporated in Delaware and is licensed to do and is doing business in the State of New York and in New York County. Netflix trades by renting DVDs of motion picture photoplays by mail and its business practices can be found on its Internet Web Site, www.netflix.com. In addition, upon information and belief Netflix is offering or will offer a so called *video on demand (VOD)* service, whereby motion picture photoplays can be viewed by downloading their content from Netflix's web site. As and of the date of this complaint Netflix is renting the subject picture without the plaintiff's license and/or consent.

8. Defendant Amazon.Com, Inc. (Amazon) is a corporation incorporated in Delaware and does or transacts business in the State and County of New York. Amazon sells DVDs of the plaintiff's motion picture by taking orders for it through its Internet Web site www.amazon.com. As and of the date of this complaint Amazon is selling and/or otherwise distributing the subject picture without the plaintiff's license and/or consent.

9. Defendant Barnes & Noble, Inc. (Barnes & Noble) is a corporation incorporated in Delaware and licensed to do and doing business in the State and County of New York. Barnes & Noble

sells DVDs of the plaintiff's motion picture by taking orders for it through its Internet Web site www.bn.com.  As and of the date of this complaint Barnes & Noble is selling and otherwise distributing the subject picture without the plaintiff's license and/or consent.

**THE DEFENDANTS' INFRINGING ACTS**

10.  The defendants one and several acting solely for their commercial benefit are distributing the subject copyrighted picture by selling, renting and offering video on demand downloads (VOD) of it by means of the Internet.  At no time have any of the defendants contacted the plaintiff in order to seek its license for the sale and other distribution of the picture despite these defendants having actual knowledge that plaintiff is the copyright owner of the picture or should have such knowledge upon reasonable inspection of the records of the Copyright Office.  Despite lacking any rights to exhibit the picture, the packaging provides a prominent attribution claiming *Distributed by Navarre Corporation and Program Power Entertainment, Inc.* and further (falsely) claims *Copyright ©2001 Program Power Entertainment, Inc. ALL RIGHTS RESERVED WORLDWIDE*.  On the DVD disc, there is a prominent attribution for Program Power Entertainment and Navarre Corporation.

11. Despite Navarre's, Flocker's and Power Program's actual

knowledge of the copyrighted status of the work and the plaintiff's exclusive rights, these defendants willfully and knowingly elect to copy, exhibit, sell and distribute plaintiff's work in direct contravention of the plaintiff's right to control the publication and dissemination of the picture, or excerpts from the picture, without providing the plaintiff attribution regarding its copyright ownership interest in and to this work.  Upon information and belief, defendants' Internet web sites have a prominent notice of copyright on their sites, and defendants are aware that they have not sought a license from plaintiff or its predecessor to exhibit, sell and other distribute the picture of which plaintiff is the copyright owner of.

12.  Without plaintiff's consent or license and upon information and belief, defendants Navarre, Flocker and Program Power licensed the picture to the other named defendants herein and likely to other third parties whose identities are unknown as and of the date of this complaint, both within and beyond the borders of the United States.  Plaintiff Saratoga believes that the identities of the other third parties will be ascertained during discovery and the complaint amended to include them as defendants.

13.  The acts and omissions of the defendants as complained of herein are a continuing infringement of plaintiff Saratoga's exclusive rights under copyright.  Unless the defendants are enjoined by this Court, it is believed that they intend on

committing further willful or other infringements of plaintiff's copyrighted picture by producing, distributing, and/or selling and/or controlling, granting, or distributing, additional copies of the picture to other persons without license or authority to exhibit and exploit the picture.

14. The further and continued DVD sales, Internet exhibitions, copying, manufacture, distribution, dissemination, advertising and other sale of plaintiff's copyrighted work has, and will, further destroy, or otherwise substantially diminish the commercial value of plaintiff's copyrighted work and the rights of ownership and control which the plaintiff enjoys in and to the picture. Such infringements have caused, are causing and will continue to cause, a loss of future licensing revenues in an amount yet to be determined, in that the said unauthorized copying and unconsented to sales and licensing of the copyrighted picture has caused plaintiff to loose the commercial value of its copyrighted property pertaining to the defendants' repeated DVD and Internet exhibitions, and/or, to cause a substantial diminution of the picture's licensing value as concern the uses by the defendants and other unlicensed users. Furthermore, with defendants, treating the picture as though they are the picture's copyright proprietor, or lawful Internet and DVD licensees, or that the work is in the public domain, defendants encourage the further unauthorized copying, exhibition and dissemination of the picture,

or excerpts there from, without the consent or authority from the plaintiff, creating a loss of revenue, which value will be determined upon the completion of discovery and prior to trial. The defendants are aware of the value of a license to exhibit the plaintiff's work and the commercial potential for future licensing of the picture.

15. As a result of the defendants copying, manufacturing, distributing, advertising and exhibiting the picture through unauthorized channels, defendants have intentionally and willfully disregarded the notice of copyright as is present on the picture's elements, acting deliberately and/or in reckless disregard of plaintiff Saratoga's copyright interests in and to the said work.

## **FIRST CLAIM**

16. Plaintiff repeats and realleges paragraphs 1 through 16 herein.

17. The defendants' acts and omissions are in violation of Title 17 U.S.C. sections 101 *et. seq.,* in that the same constitute substantial, unauthorized, and willful copying of the plaintiff's copyrighted picture. The defendants continued acts and omissions as complained of herein are a flagrant and ongoing infringement of the plaintiff's exclusive copyright interests since the picture is being sold in stores on DVD, rented and can be accessed via the Internet for streaming and downloading.

18. Plaintiff seeks an Order from this Court enjoining and

restraining the defendants, their affiliates, distributors, agents, dealers, exhibitors, subsidiaries and subscribers and any other persons acting on their behalf from copying, manufacturing, exhibiting, selling, distributing or otherwise exercising rights of ownership or control over the infringed picture and/or excerpts thereof for purposes of DVD, Internet and other publication, both preliminarily, temporarily and permanently thereafter, and for an Order compelling defendants to sequester and impound all copies of the infringing picture, or excerpts thereof and its packaging and advertising, in whatever media the picture is contained in as may be used for DVD, Internet and other publication, together with the materials contributing to the making of copies of the picture and any promotional and/or packaging or other materials related thereto.

## SECOND CLAIM

19. Plaintiff repeats and realleges paragraphs 1 through 19 herein.

20. The defendants acts are in violation of 15 U.S.C. 1125(a) in that the same constitute a false designation of the origins of plaintiff's copyrighted work, unauthorized misappropriations of the commercial value to plaintiff, and the disparagement of the said work resulting in the confusion and deception of the public, thereby giving an appearance that the plaintiff's work is the property of defendants, or as solely licensed by these defendants,

9

their affiliates, distributors, licensees, subscribers and others acting under defendants' authority.

21. Although plaintiff Saratoga's damages cannot accurately be calculated at this time, plaintiff Saratoga prays for a judgment in excess of the jurisdictional threshold of this Court for diversity suits as will be determined at trial, in order to compensate plaintiff for its lost licensing revenues and to impose exemplary damages against the defendant, as will be determined by a jury at trial.

### **THIRD CLAIM**

22. Plaintiff repeats and realleges paragraphs 1 through 22 herein.

23. Alternative to the other pleas and claims herein, defendants by their actual and unconsented to conduct have willfully copied, manufactured, sold and distributed or otherwise appropriated the plaintiff's copyrighted work in violation of the Copyright Laws of the United States of America, causing plaintiff Saratoga damages directly and proximately related thereto.

24. Although plaintiff Saratoga's damages cannot accurately be calculated at this time due to the extent and severity of the infringements, and the false attribution of copyright, plaintiff prays for a judgment based on the statutory maximum damage amount allowed for the defendants' willful violations of its exclusive rights under copyright, and for damages for any other unauthorized

exhibitions of excerpts from the work as may arise during discovery.

## FOURTH CLAIM

25. Plaintiff repeats and realleges paragraphs 1 through 25 herein.

26. Defendants have caused and are causing the DVD and Internet publication of the plaintiff's picture and will benefit from the sale and other distributions of the plaintiff's copyrighted work. Plaintiff seeks an accounting of all profits and other consideration and/or benefits received by the defendants for the unlicensed exploitation it has effected on plaintiff's copyrighted work that plaintiff did not consent to. Plaintiff additionally seeks the production of all the defendants, their affiliates and subsidiaries business records pertaining to the plaintiff's picture to ascertain the profits, benefits and other gains received by the defendants from the further exhibition(s) or other unauthorized exploitation of plaintiff's copyrighted work. Plaintiff seeks that all consideration and other gains derived by defendants as a result of its infringing acts be held in constructive trust for the benefit of plaintiff pending the payment of such consideration to plaintiff as damages.

## FIFTH CLAIM

27. Plaintiffs repeat and realleges paragraphs 1 through 27 herein.

28. Alternative to the above claims, defendants are liable for monetary damages for the DVD, Internet and other distribution of plaintiff's copyrighted work in the maximum statutory amount for non willful infringements, which will be accurately calculated prior to trial, or through defendants' further sale or other distribution as caused by defendant as complained of herein.

## SIXTH CLAIM

29. Plaintiff repeats and realleges paragraphs 1 through 29 herein.

30. Defendants through their willful and purposeful conduct have wrongfully, tortiously and unfairly competed regarding the exploitation and licensing of the work, through the sale and/or distribution of the complained of work under the representation and warranty that defendants were entitled to grant a DVD and Internet publication license. As a result of this unfair competition by the defendants, plaintiff has been damaged in an amount believed to be in excess of the jurisdictional threshold of a diversity suit before this Court; as such sum will be determined at trial by the jury.

## SEVENTH CLAIM

31. Plaintiff repeats and realleges paragraphs 1 through 31. herein.

32. Should plaintiff prevail in this suit, it seeks the reasonable attorney's fees and other costs connected to the

prosecution of this action, as are allowed under the Copyright Act.  Plaintiff additionally seeks pre-judgment interest on any damage award that the Court may render.

33. Plaintiff, to the extent permitted by law, *demands* a trial by jury.

**WHEREFORE,** the plaintiff prays for a judgment and other relief as follows:

**(i)** That the defendants, their distributors, dealers and subsidiaries, employees, officers and agents and all others who are contractually bound with them with respect to the distribution, sale, or other DVD and Internet dissemination of the infringing work referenced herein be temporarily, preliminarily and permanently enjoined from further DVD and/or Internet publication, or otherwise publishing or exercising rights of ownership of the infringing work through the means of DVD, print, Internet and any and all other forms of distribution and for the impounding and destruction of all infringing copies thereof and/or materials used in the infringement of plaintiff's copyrights as pertain to any and all exhibitions caused by defendants;

**(ii)** That the defendants' acts have resulted in the false designation of the origins of plaintiff's works, leading to the deception of the public and the loss of profits to the plaintiff, and to impose exemplary damages as will be proven at trial and determined by a jury;

**(iii)** That defendants through their willful infringements of plaintiff's copyrighted work pay the maximum statutory damage amount for each infringement of plaintiff's copyright as has been both directly and proximately caused by them, as such infringements will be proven at trial;

**(iv)** That plaintiff recovers from the defendants their profits and other consideration that they have realized and will realize through the distribution, sale, broadcast, cable exhibition and other exploitation of plaintiff's copyrighted work, and that the defendants account for all monies and other gains and consideration they have received to date and will be receiving in the future with regard to the picture's exploitation;

**(v)** That defendants are liable for the maximum non-willful statutory damage amount for each infringement that has arisen due to the sale, distribution, dissemination or other sale as caused by defendants for DVD, Internet and other exhibition(s), as such infringements will be proven at trial;

**(vi)** That plaintiff recovers from the defendants an amount in excess of the jurisdictional threshold for diversity suits filed before this Court for unfairly competing with the plaintiff by designating the complained of works as copyrighted by them, or alternatively that the works are in the public domain works and by further selling and distributing and exhibiting such works as though they were public domain works and devoid of a copyright

registration notice;

**(vii)** For payment to plaintiff of its reasonable attorney's fees and related costs pursuant to the Copyright Act for the prosecution of this action and for pre-judgment interest to be added to any judgment that the plaintiff may recover.

**(viii)** A trial by jury and any other and further relief this Court deems just and proper under the circumstances herein.

Dated: New York, NY
     September 29, 2008        s/Gregory A. Sioris (GS 1342)
                                          Attorney for Plaintiff
                                          350 Fifth Avenue, Suite 7606
                                          New York, NY 10118-7606
                                          (212)840—2644
                                          gasioris@prodigy.net

**To:** Navarre Corporation
Defendant
7400 49th Avenue N
New Hope, MN 55428

Netflix, Inc.
Defendant
c/o National Registered Agents, Inc.
875 Ave. of Americas, Suite 805
New York, NY 10001

Amazon.Com, Inc.
Defendant
c/o Corporation Service Company
2711 Centerville Road, Suite 400
New Castle, DE 19808

Barnes & Noble, Inc.
Defendant
c/o Capitol Services, Inc.
1218 Central Avenue, Suite 100
Albany, NY 12205

Tower.com, Inc.
Defendant
c/o Capitol Services, Inc.
615 South DuPont Highway
Dover, DE 19901

Program Power Entertainment, Inc.
Defendant
11549 Amigo Avenue
North Ridge, CA 91326-1801

James T. Flocker
Defendant
11549 Amigo Avenue
North Ridge, CA 91326-1801

Amazon.Com, Inc.
Defendant
c/o Corporation Service Company
2711 Centerville Road, Suite 400
New Castle, DE 19808

Barnes & Noble, Inc.
Defendant
c/o Capitol Services, Inc.
1218 Central Avenue, Suite 100
Albany, NY 12205

Tower.com, Inc.
Defendant
c/o Capitol Services, Inc.
615 South DuPont Highway
Dover, DE 19901

Program Power Entertainment, Inc.
Defendant
11549 Amigo Avenue
North Ridge, CA 91326-1801

James T. Flocker
Defendant
11549 Amigo Avenue
North Ridge, CA 91326-1801